1

2

3

4

5

6

7

8          IN THE UNITED STATES DISTRICT COURT

9          FOR THE EASTERN DISTRICT OF CALIFORNIA

10  GLOBAL DEVELOPMENT
     STRATEGIES, INC.; GLOBAL
11  DISTRIBUTION SERVICES, INC.,

12          Plaintiffs,                    No. Misc. S-11-0038 KJM EFB

13          vs.

14  MOBILE MOTION, INC.; DORON
     KIM; E DATING FOR FREE, INC.,
15
            Defendants.                    <u>ORDER</u>
16  _____/

17          This matter is before the undersigned pursuant to Local Rule 302(c)(1), pursuant to 28

18  U.S.C. § 636(b)(1).  On April 11, 2011, defendants Mobile Motion, Inc., Doron Kim, and E

19  Dating For Free, Inc. filed this miscellaneous action and a motion to quash third-party subpoenas

20  issued by plaintiffs Global  to Google, Inc. ("Google"), Microsoft Corporation ("Microsoft"),

21  and Rackspace, Inc. ("Rackspace").  Dckt. No. 1.  Defendants noticed the motion for hearing

22  before the undersigned on May 25, 2011.  Dckt. No. 3.  Plaintiffs oppose the motion.  Dckt. No.

23  4.  After reviewing the motion, the opposition, and all related papers, the court reserves ruling on

24  the merits of the motion and instead transfers the motion to the Central District of California.

25  ////

26  ////

1

1  BACKGROUND

2          In March 2011, plaintiff filed a complaint against defendants in the Central District of

3  California, alleging (1) cybersquatting under the Lanham Act, 15 U.S.C. § 1125(d); (2) breach of

4  oral contract; (3) breach of implied-in-fact contract; (4) breach of the implied covenant of

5  good faith and fair dealing; (5) conversion; and (6) fraud.  Decl. of Karl Kronenberger, Ex. A

6  (Compl.), Dckt. No. 1-4.  Plaintiffs are sellers and installers of overhead garage doors and

7  defendants Mobile Motion, Inc. and its President and CEO Doron Kim are internet marketers

8  that provide online services to clients, including search engine optimization ("SEO") services

9  and Pay-Per-Click advertising.  *Id.* ¶¶ 18, 19; Mot. to Quash, Dckt. No. 1-1 at 2.  According to

10  the complaint, as well as defendants' motion to quash, plaintiffs and defendants Mobile Motion

11  and Kim entered into an oral agreement in 2003 for those defendants to provide internet

12  marketing services to plaintiffs in exchange for a monetary commission of a percentage of the

13  revenue plaintiffs generated through the internet services provided by defendants.  *Id.* ¶¶ 21-22;

14  Dckt. No. 1-1 at 3.  The complaint alleges that defendants breached the oral agreement by

15  registering certain domain names, which plaintiffs paid for, in Mobile Motion's name rather than

16  plaintiffs' and by transferring some of those domain names to defendant E Dating For Free, Inc.

17  *Id.* ¶¶ 1, 30, 31.  Plaintiffs also contend that defendants Kim and Mobile Motion have log-in

18  access to plaintiffs' Pay-Per-Click accounts and refuse to turn the accounts over to plaintiffs.  *Id.*

19  ¶ 2.        Plaintiffs seek to have defendants transfer the domain names to plaintiffs, including

20  website content that defendants contend they developed and designed, as well as defendants'

21  Google and Microsoft Pay-Per-Click campaigns.  *Id.* ¶ 2; Dckt. No. 1-1 at 4.  Defendants argue

22  that "[i]n other words, Plaintiff seeks to obtain all of the benefits of the oral agreement without

23  having to pay Mobile Motion the agreed-upon commission," and contend that "under the oral

24  agreement, Mobile Motion is the proper owner of the Domains, the website content, and the PPC

25  campaigns."  Dckt. No. 1-1 at 4.

26  ////

2

1    On March 8, 2011, concurrent with the filing of their complaint, plaintiffs filed an Ex

2  Parte Application for Leave to Take Immediate Discovery in the Central District of California

3  action.  Kronenberger Decl. ¶ 3.  The court granted plaintiffs' request, and issued an order to that

4  effect on March 8, 2011.  *Id.*, Ex. B, Dckt. No. 1-4 at 41-43.  The order authorized plaintiffs to

5  serve immediate discovery on a variety of third party providers, including Google, Microsoft,

6  and Rackspace.  *Id.*  Specifically the order provided that plaintiffs could serve subpoenas on

7  those providers to "seek information sufficient to (1) identify the true registrant of each and

8  every domain name that should rightfully be registered to Plaintiffs and (2) to obtain all account

9  information related to accounts which Defendants have improperly denied Plaintiffs[] access

10  which [they seek] recovery under the Complaint before the same is destroyed by Defendants."

11  *Id.*

12    On March 17, 2011, plaintiffs issued the subpoenas to Google, Microsoft, and Rackspace

13  that are at issue herein, and then re-issued the subpoenas on March 23, 2011.  Kronenberger

14  Decl. ¶ 4.  The Google, Microsoft, and Rackspace subpoenas were all issued from this court and

15  were served on the companies' respective registered agents in Sacramento, California.  *Id.* ¶¶ 5-7

16  & Exs. C-E.

17  ANALYSIS

18    Pursuant to Federal Rule of Civil Procedure 45(c)(3), defendants now move to quash the

19  three subpoenas at issue, arguing that they "exceed the bounds" of both the order issued in the

20  underlying Central District of California action and the Federal Rules of Civil Procedure since

21  "they overtly seek disclosure of Defendant's 'trade secret[s] or other confidential research,

22  development, or commercial information.'"  Dckt. No. 1-1 at 6 (quoting Fed. R. Civ. P.

23  45(c)(3)(B)(I)).  The motion to quash was properly filed in this district because the subpoenas

24  were all issued from this court.  *See* Fed. R. Civ. P. 45(c)(3)(A) (authorizing "the issuing court"

25  to quash or modify a subpoena).

26  ////

Defendants request that this court transfer the instant motion to the Central District of California "as an alternative to quashing the Google, Microsoft, and Rackspace subpoenas." Dckt. No. 1-1 at 6.  Defendants acknowledge that there is "a split of authority as to whether the court which issued a subpoena can transfer a motion to quash to the court with underlying jurisdiction over the case . . . ."  *Id.* (quoting *IO Group v. J.W.*, 2011 WL 240706 (N.D. Cal. Jan. 24, 2011)).

Although the Ninth Circuit has not decided whether Rule 45 motions may be transferred, the Eighth and Tenth Circuits and district courts in the Fourth and Second Circuits have read Rule 45 to allow transfers of motions to quash.  *See IO Group, Inc. v. Does 1-9*, 2010 WL 5071605, at *3-4 (N.D. Cal. Dec. 7, 2010) (citing *United States v. Star Scientific*, 205 F. Supp.2d 482, 485 n.4, 487 (D. Md. 2002), which noted that courts in the Eighth and Tenth Circuits have supported such transfers, while courts in the Seventh and D.C. Circuits have found transfer of discovery disputes inappropriate); *but see Wells v. GC Servs., LP*, 2007 WL 1068222, at *1 (N.D. Cal. Apr. 10, 2007) ("this court is not the proper court to quash or modify the subpoenas, which all issued from other courts.").  In *Star Scientific*, the District of Maryland considered transferring a Rule 45 motion proper, when the court of underlying litigation was "plainly better situated to resolve the discovery dispute."  205 F. Supp.2d  at 487-88 (quoting *In re Sealed Case*, 141 F.3d 337, 343 (D.C. Cir. 1998)).  Additionally, in *Heroic Era, Ltd. v. Evony, LLC*, 2011 WL 308468 (W.D. Wash. Jan. 27, 2011), the Western District of Washington recently transferred a motion to quash to the Northern District of California, noting that "[b]ecause ruling on the motion requires familiarity with the case as a whole, the Northern District of California is 'more plainly suited' to deciding it than a court whose involvement with the case begins and ends with issuing a subpoena."

Here, defendants contend that the subpoenas violate an order issued by the Central District of California.  On the other hand, plaintiffs argue that the discovery is specifically authorized by that order.  Dckt. No. 4 at 16.  The one thing that is not disputed is that analysis of

4

1  the merits of defendants' motion requires interpretation of that order.[1]  Of course, the Central

2  District of California is better suited than this court to interpret its own orders.  Additionally, the

3  core dispute on this motion is whether the information sought by the subpoenas constitutes

4  confidential and proprietary information, including trade secrets.  It appears from the parties'

5  briefs that resolution of that issue may have a significant bearing on the scope of discovery in

6  this action generally, may require weighing of the overall course and merits of the case, and may

7  ultimately affect the case's outcome.  *See* Dckt. No. 1-1 at 7 ("The Google and Microsoft

8  subpoenas seek detailed information that would permit Plaintiffs to recreate the PPC campaigns

9  that Defendants have spent seven years developing, honing, and protecting from public

10  disclosure."); *see also* Dckt. No. 4 at 16 ("granting this Motion to Quash would completely

11  prevent Plaintiffs from proving its claims").  In light of the parties representations in that regard,

12  this court finds that the Central District is the best court to determine whether the information

13  sought by the subpoenas constitutes confidential and proprietary information, including trade

14  secrets.

15          The court ordinarily would look with disfavor on a request to transfer a motion to quash.

16  Under the circumstances of this case, where the intent of the earlier order issued by the Central

17  District of California is disputed, and the parties each argue that resolution of the issue

18  concerning trade secrets could affect the overall course and merits of the case, transfer in this

19  instance is appropriate.  Therefore, this court finds that principles of comity support a transfer of

20  the motion to quash to the Central District of California.[2]

21  ////

22  ////

23  ─────────────

24  [1]  Defendants also challenge the propriety of that order.  Dckt. No. 1-1 at 5, n.1.

25  [2]  The court also notes that to the extent there is a split in authority as to the propriety of transferring a motion to quash under Rule 45, some courts have construed the motion to quash as a motion for a protective order pursuant to Rule 26.  *See IO Group, Inc. v. Does 1-19*, 2010 WL

26  5071605 at *2 (citing *Wells v. GC Servs., LP*, 2007 WL 1068222 (N.D. Cal. Apr. 10, 2007)).

1   CONCLUSION

2        Accordingly, IT IS HEREBY ORDERED that:

3        1.  Defendants' motion to quash is transferred to the Central District of California; and

4        2.  The Clerk is directed to close this miscellaneous case.

5        SO ORDERED.

6   DATED:  May 19, 2011.

7                                EDMUND F. BRENNAN
                                 UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26